**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Telephone: (805) 994-0177
Mikayla G. Regier, Esq. (354900)
mikayla@loker.law
Telephone: (805) 623-0633
132 Bridge Street
Arroyo Grande, CA 93420

*Attorneys for Plaintiff,*
Tracy Travis

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TRAVIS,<br><br>   Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE,<br><br>   Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**<br><br>(1) **THE FAIR CREDIT BILLING ACT, 15 U.S.C. § 1666-1666J; AND,**<br><br>(2) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**JURY TRIAL DEMANDED** |

**CASE NO.:**                                                          *Travis v. Barclays Bank Delaware*
**COMPLAINT**

# INTRODUCTION

1. The Fair Credit Billing Act, 15 U.S.C. § 1666-1666j ("FCBA") protects consumers from unfair billing practices by providing a mechanism through which a consumer can dispute a billing error with a creditor. Pursuant to the FCBA, a creditor may not attempt to collect on a disputed debt, threaten to adversely report the disputed amount as delinquent, or adversely report the disputed amount as delinquent until the claim has been investigated and resolved.

2. TRACY TRAVIS ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BARCLAYS BANK PLC ("Defendant") regarding unauthorized electronic funds transfers.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of the Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

# JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to federal question jurisdiction under 28 U.S.C. § 1331. More particularly, this action arises out of Defendant's violations of (i) the Fair Credit Billing Act, 15 U.S.C. § 1666, et seq. ("FCBA"), and (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Los Angeles County in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

# PARTIES

11. Plaintiff is a natural person who resides in Los Angeles County, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

12. Plaintiff is a "consumer" being a credit card holder of Defendant's.

13. Plaintiff is protected against "unauthorized charges" as defined in the FCBA.

14. Defendant is a financial institution.

15. Defendant is a corporation doing business in Los Angeles County, State of California and is considered a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

# FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff is an individual residing within the State of California.

17. In or around August 2024, Plaintiff was notified that her data had been exposed during a National Public Data breach.

18. On October 4, 2024, Plaintiff was shocked to find someone utilized her private

information to access her account associated with Defendant, referred to as "Fraudster."

19. Immediately, Plaintiff locked her account with Experian and put out a fraud alert.

20. On the same day, Plaintiff contacted Defendant to dispute the unauthorized transactions. Ironically, Plaintiff was locked out of her own account and could not be verified because of the unauthorized access to Plaintiff's account by Fraudster.

21. Plaintiff was informed to send all identifying information and/or documents to verify her identity to Defendant, and Plaintiff sent two faxes and mailed her identifying documentation to Defendant shortly after.

22. On November 14, 2024, Plaintiff contacted Defendant inquiring about the status of her mailed and faxed documents. Once Plaintiff provided her Social Security Number and birthdate over the phone, Plaintiff was finally able to access her account to find her balance was over $11,000 even with her account being locked for over a month without her being able to access it.

23. Plaintiff spoke with a representative immediately after seeing her balance. Defendant claimed Plaintiff's account was unlocked on November 7, 2024, with the verified personal identifying documentation Plaintiff submitted to Defendant in October; however, Plaintiff was never notified.

24. At no point of correspondence between Plaintiff and Defendant did Plaintiff request to have her account unlocked. Plaintiff wished to access her own account and cease any autopayments due to the security breach.

25. In December 2024, Plaintiff checked her credit reports again and was shocked to find the balance on her account associated with Defendant was over $23,000.

26. On November 19, 2024, Plaintiff sent Defendant a second letter narrating the steps she had taken to resolve the unauthorized transactions issue with

Defendant along with stating with absolute clarity that she does not wish to have her account open at this time.

27. Within Plaintiff's second letter, she sent her Identity Theft Victim's Complaint and Affidavit, proof of identification, proof of residency, and proof of her active phone number. Plaintiff was adamant about her personal information needing updating to best secure her already-compromised account but to keep the account itself closed.

28. On December 12, 2024, Plaintiff received a letter from Defendant verifying Plaintiff's account information was reporting accurately.

29. On January 17, 2024, Plaintiff received a second letter from Defendant again verifying her account information as accurate.

30. At no point during either investigation did Defendant proactively seek out Plaintiff for any supporting documents or additional information.

31. Further, at no point did Defendant provide Plaintiff with provisional funds subsequent to the occurrence of the unauthorized transactions.

32. Despite the evidence presented, Defendant has yet to refund Plaintiff for the fraudulent transactions.

33. Plaintiff submitted her dispute to Defendant fewer than 60 days from receipt of Account statements showing the unauthorized transactions.

34. Defendants' investigation was unreasonable.

35. More specifically, Defendants should have discovered from its own records, (including Plaintiff's investigative materials) that the transactions at issue were unauthorized and fraudulent transactions.

36. Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.

37. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the

evidence available to Defendant at the time of its investigation.

38. The abovementioned transactions were unauthorized electronic fund transfers as defined by 12 C.F.R. 1005.2(m).

39. To date, Defendant continues to hold Plaintiff responsible for the fraudulent transactions.

40. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

## COUNT I

## VIOLATION OF THE FAIR CREDIT BILLING ACT

## 15 U.S.C. §§ 1601, ET. SEQ. (FCBA)

## [AGAINST DEFENDANT]

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions constitute numerous and multiple violations of the FCBA.

43. As a result of each and every violation of FCBA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1640a (1); statutory damages pursuant to 15 U.S.C. § 1640a (2)(A)(i); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1640a (2)(A)(iii).

## COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

## [AGAINST DEFENDANT]

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

2. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

3. In the regular course of its business operations, Defendant routinely furnishes information to credit reporting agencies pertaining to transactions between Defendant and Defendant's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

4. Because Defendant is a partnership, corporation, association, or other entity, and are therefore is a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

5. Since Defendant received all documents required to determine the inaccuracy of Defendant's reporting, Defendant should have known to update said reporting.

6. Defendant also should have determined that Defendant's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendants;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendants;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- Punitive damages according to proof as to the CCCRAA;

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,

- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

44. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 3, 2025                                         Respectfully submitted,

**LOKER LAW, APC**

By:     /s/ Mikayla G. Regier
MIKAYLA G. REGIER, ESQ.
ATTORNEY FOR PLAINTIFF,
TRACY TRAVIS